1
2
3
4
5
6                    IN THE UNITED STATES DISTRICT COURT

7                      FOR THE DISTRICT OF ARIZONA

8
ROBERT F. LINDLEY, JR.,            )
9                                  )
            Petitioner,            )
10                                 )
            v.                     )    CIV 06-0528 PHX DGC (MEA)
11                                 )
DORA SCHRIRO and                   )
12  ARIZONA ATTORNEY GENERAL,      )    REPORT AND RECOMMENDATION
                                   )
13          Respondents.           )
_____)
14

15  TO THE HONORABLE DAVID G. CAMPBELL:

16        On February 21, 2006, Petitioner filed a *pro se*

17  petition seeking a writ of habeas corpus pursuant to 42 U.S.C.

18  § 2254, challenging his criminal conviction by an Arizona state

19  court.  Respondents filed an Answer to [the] Petition for Writ

20  of Habeas Corpus ("Answer") (Docket No. 11) on June 7, 2006.

21  Respondents argue the action for habeas relief was not timely

22  filed and, therefore, the petition must be denied and dismissed

23  with prejudice.  Additionally, Respondents assert the Court may

24  not consider the merits of Petitioner's claims for habeas relief

25  because he failed to properly exhaust his claims in the Arizona

26  state courts.

27        On July 18, 2006, Petitioner filed a traverse to the

28  answer to his petition for relief.   <u>See</u> Docket No. 13?

Petitioner contends Respondents have misstated the record in his state criminal proceedings.  Petitioner asserts his petition was timely filed and that he did exhaust his habeas claims in state court.

## I Procedural History

In 1987 Petitioner was indicted on seven counts of child molestation and eight counts of sexual conduct with a minor; all charges were class 2 felonies and all charges were classified as dangerous crimes against a child. Answer, Exh. B. On October 11, 1989, the state filed an allegation of a Hannah[1] prior or repetitive convictions with regard to the charges in the 1987 indictment. Id., Exh. C.

A jury trial was conducted in May of 1990 with regard to the 1987 charges against Petitioner. Id., Exh. D. Prior to the trial, on a motion by the state, the trial court dismissed four of the charges against Petitioner. Id., Exh. D at 66. Petitioner moved for a judgment of acquittal on the remaining

---

[1] The relevant statute was amended effective January 1, 1994.

> [F]ormer [Arizona Revised Statutes Annotated] § 13-604(H), [] expressly permitted convictions for crimes not committed on the same occasion but consolidated for trial to be used as prior convictions--colloquially known as "Hannah priors"--for sentence enhancement purposes.

Arizona v. Ofstedahl, 208 Ariz. 406, 407 (Ct. App. 2004). See Arizona v. Hannah, 126 Ariz. 575, 576-77 (1980) (holding that, under the prior version of the relevant statute, the sequence of convictions, rather than offenses, determined a defendant's eligibility for sentence enhancement); Arizona ex rel. Collins v. Superior Court, 142 Ariz. 280, 282 (1984) (relying on Hannah for the proposition that "it [was] not necessary that the 'prior conviction' be also a prior offense").

charges at the close of the prosecution's case. Id., Exh. D. The trial court granted the motion with regard to one of the charges and denied the motion with regard to the other ten remaining charges. Id., Exh. D at 71. Petitioner testified at his trial. Id., Exh. F at 2. After deliberating for approximately one week, the jury found Petitioner guilty of the remaining ten counts charged in the indictment. Id., Exh. D. at 77 & 102.

The trial court concluded there were no aggravating or mitigating circumstances in Petitioner's case for the purpose of imposing sentence. Id., Ehx. E & Exh. S at 12. On August 10, 1990, after hearing the testimony of Petitioner's mother, the trial court sentenced Petitioner to consecutive terms of imprisonment on each count of conviction, ranging from 17 years to life imprisonment, including five terms of life imprisonment. Id., Ehx. E & Exh. S at 12.

Petitioner filed a timely appeal of his convictions and sentences on August 21, 1990. Id., Exh. F. On December 5, 1991, prior to a decision regarding his appeal, Petitioner filed an action seeking post-conviction relief in the Arizona trial court. Id., Exh. H. Petitioner asserted his counsel was ineffective because counsel did not raise an insanity defense. Id., Exh. H. The petition for post-conviction relief was dismissed by the trial court on April 6, 1992. Id., Exh. I. Petitioner sought review of this decision by the Arizona Court of Appeals, which consolidated review of the decision with Petitioner's direct appeal. Id., Exh. J.

1    On December 2, 1992, the Arizona Court of Appeals
2  affirmed Petitioner's convictions. Id., Exh. K.  However, the
3  Arizona Court of Appeals determined Petitioner was improperly
4  sentenced with regard to two of the consecutive life sentences;
5  the Court of Appeals ordered the sentences for these two
6  convictions be served concurrently. Id., Exh. K.  The Arizona
7  Court of Appeals affirmed all of the other imposed sentences and
8  also concluded the trial court properly denied Petitioner's
9  claim of ineffective assistance of counsel. Id., Exh. K at 158.
10    Petitioner did not seek review of the Arizona Court of
11  Appeals' decision in his direct appeal or his consolidated
12  action for post-conviction relief by the Arizona Supreme Court.
13    On June 12, 1997, Petitioner filed a second action for
14  post-conviction relief in the Arizona trial court. Id., Exh. L.
15  The trial court found the issues raised were precluded by the
16  Arizona Rules of Criminal Procedure and dismissed the petition
17  on June 27, 1997. Id., Exh. M.
18    Petitioner filed a third notice of post-conviction
19  relief on July 31, 1997, which action was initially dismissed by
20  the trial court. Id., Exh. O.  On October 28, 1997, the third
21  action for post-conviction relief was re-instated by the trial
22  court for consideration of Petitioner's claims regarding the
23  effective assistance of his appellate and post-conviction
24  counsel. Id., Exh. P & Exh. Q.  In a thorough and extensive
25  opinion the Arizona Superior Court considered each of
26  Petitioner's claims and concluded Petitioner had presented one
27  viable claim. Id., Exh. T.  The trial court ordered an
28                              -4-

evidentiary hearing regarding Petitioner's claim that his appellate counsel was ineffective. Id., Exh. T at 28.

The evidentiary hearing was conducted July 24, 2000. Id., Exh. U. In an opinion issued August 25, 2000, the Arizona Superior Court ordered Petitioner be allowed to file a direct appeal of his convictions and sentences arguing the trial court erred by not striking particular jurors for cause. Id., Exh. V.

Petitioner, through counsel, filed the permissive appeal on September 5, 2000. Id., Exh. W.[2] On August 6, 2002, the Arizona Court of Appeals issued a memorandum decision affirming Petitioner's convictions and sentences. The Court of Appeals concluded the trial court had not abused its discretion in declining to remove three jurors for cause. Id., Exh. FF. The Arizona Supreme Court denied review of this decision on March 18, 2003. Id., Exh. GG.

Petitioner filed a fourth action for post-conviction relief on April 9, 2003, signed March 31, 2003, which was dismissed because the claims were precluded, and a motion for reconsideration of this decision was denied by the trial court on September 22, 2003. Id., Exhs. HH & KK.

Petitioner filed a fifth action for post-conviction relief on October 14, 2003, which was dismissed, and review of the dismissal was denied by the Arizona Court of Appeals on

_____

[2] The Court appreciates Respondents' thorough and competent detailing of the additional pleadings and proceedings regarding this state-court action. The Court will not repeat those details here because they are not relevant to the ultimate determination made by the Court regarding the timeliness of the federal habeas petition.

-5-

April 19, 2005.  Id. at 5.

Petitioner filed his federal habeas petition on February 21, 2006.  Petitioner asserts he is entitled to federal habeas relief because: (1) he was denied his constitutional right to be tried by a fair and impartial jury; (2) he was denied his right to the effective assistance of trial and appellate counsel because they failed to raise particular issues at his trial and in his direct appeal; (3) he was denied his right to the effective assistance of counsel; (4) there was insufficient evidence to support the verdicts against him, in violation of his right to due process of law, i.e., his trial was fundamentally unfair.

## II Analysis

### A. Relevant statute of limitations

The Petition for Writ of Habeas Corpus is barred by the applicable statute of limitations as found in the Antiterrorism and Effective Death Penalty Act ("AEDPA").

On December 2, 1992, the Arizona Court of Appeals affirmed Petitioner's convictions on all charges, although it altered the consecutive nature of two of the imposed sentences. See Answer, Exh. K.[3]  Therefore, Petitioner is a state prisoner whose conviction became final in March of 1993, when the time for petitioning the United States Supreme Court for review of

---

[3] As noted supra, the Arizona Court of Appeals determined Petitioner had been improperly sentenced with regard to two counts of conviction for which he was sentenced to consecutive terms of life imprisonment, ordering the sentences for these convictions be served concurrently.

-6-

the Arizona state courts' decisions in his direct appeal of his conviction and sentence expired.  <u>See</u> <u>Bowen v. Roe</u>, 188 F.3d 1157, 1158-59 (9th Cir. 1999).  Accordingly, Petitioner's state conviction became final before April 24, 1996, the effective date of the AEDPA.  <u>See</u> Pub. L. No. 104-132, 110 Stat. 1214.

The AEDPA imposed a one-year statute of limitations on state prisoners seeking federal habeas relief from their state convictions.  <u>See</u> <u>Lott v. Mueller</u>, 304 F.3d 918, 920 (9th Cir. 2002).  Additionally, the AEDPA required state prisoners whose convictions became final before April 24, 1996, to file any petition for federal habeas corpus relief from those convictions prior to April 23, 1997.  <u>See</u> <u>Patterson v. Stewart</u>, 251 F.3d 1243, 1246 (9th Cir. 2001).  However, the AEDPA also entitled a petitioner to tolling of the statute of limitations during the pendency of a "properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim."  28 U.S.C. § 2244(d)(2) (1994 & Supp. 2006); <u>Artuz v. Bennet</u>, 531 U.S. 4, 8, 121 S. Ct. 361, 363-64 (2000).

Because Petitioner's state conviction became final prior to the effective date of the AEDPA, the one-year statute of limitations on Petitioner's action for federal habeas relief began to run on April 24, 1996, and expired on April 23, 1997, unless it was statutorily tolled by any pending action for state post-conviction relief.  <u>See</u> <u>Patterson</u>, 251 F.3d at 1246.

Petitioner did not have any properly-filed action for state post-conviction relief pending from April 24, 1996, until

April 23, 1997.  Petitioner did file a second state action for post-conviction relief on June 12, 1997, which was dismissed because the issues raised were precluded.  However, the filing of this action could not revive the already-expired statute of limitations on Petitioner's federal habeas action.  See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir.), cert. denied, 124 S. Ct. 328 (2003); Preston v. Gibson, 234 F.3d 1118, 1120 (10th Cir. 2000).

Alternatively, calculating the statute of limitations from the date Petitioner's convictions and sentences became final upon the conclusion of his third action for post-conviction relief, in which relief in the form of a permissive appeal was granted but in which substantive relief was denied, does not allow that the federal habeas petition is timely filed.

Petitioner filed the permissive appeal on September 5, 2000.  On August 6, 2002, the Arizona Court of Appeals affirmed Petitioner's convictions and sentences and the Arizona Supreme Court denied review of this decision on March 18, 2003.  Answer, Exh. GG.  Calculating the statute of limitations from the latest date that Petitioner could have sought certiorari from this decision, June 15, 2003,[4] the statute of limitations on Petitioner's federal habeas claims began to run on June 16, 2003, and expired on June 15, 2004, unless tolled by a properly

---

[4] Because the decision arose in the context of a direct appeal arising from relief granted in an action for post-conviction relief, Petitioner arguably had the right to seek certiorari from this decision and the statute of limitations did not begin to run until June 15, 2003, pursuant to the holding in Bowen cited supra.

1   filed state action for post-conviction relief.

2         Petitioner filed a fourth action for post-conviction
3   relief on April 9, 2003, signed March 31, 2003, which was
4   dismissed because the claims were precluded.  Additionally,
5   Petitioner filed a fifth action for post-conviction relief on
6   October 14, 2003, which was dismissed on April 19, 2005.
7   However, neither of these actions for post-conviction relief
8   tolled the statute of limitations on Petitioner's federal habeas
9   claims because neither of them was a "properly filed" action for
10  state post-conviction relief as that term is defined by the
11  federal courts' interpretation of the AEDPA.  See Pace v.
12  DiGuglielmo, 544 U.S. 408, 412-13, 125 S. Ct. 1807, 1811-14
13  (2005); Bonner v. Carey, 425 F.3d 1145, 1146 (9th Cir. 2005),
14  petition for cert. filed (June 5, 2006, No. 05-11438).  See also
15  Richardson v. Newland, 171 Fed. App. 156, 157 (9th Cir. 2006).

16        Petitioner contends his petition is timely, arguing his
17  state action for post-conviction relief filed April 9, 2003,
18  tolled the applicable statute of limitations from March 31,
19  2003, when he signed this petition, until March 15, 2005.  See
20  Docket No. 13.  Petitioner also maintains he is entitled to
21  tolling of the statute of limitations pursuant to Welch v.
22  Newland.[5]  Petitioner asserts the statute of limitations

23

24        [5] In Welch v. Newland the Ninth Circuit Court of Appeals
    held a federal habeas petitioner was entitled to tolling of the
25  AEDPA's statute of limitations from the time the petitioner filed
    their action for state post-conviction relief until the time the
26  state's highest court entered a final order denying and dismissing the
    action for post-conviction relief.  See 267 F. 3d 1013 (9th Cir.
27  2001), cert. denied, 541 U.S. 1078 (2004).

28                              -9-

regarding his federal habeas claims was tolled "with the filing of his timely 1991 PCR petition and remained tolled until his PCR challenges concluded with the denial of his <u>last</u> PCR petition by the state Supreme Court on 3-16-05 ..." <u>Id.</u>

The Court is not persuaded by Petitioner's arguments regarding the statutory tolling of the applicable statute of limitations. Analyzing the applicable statute of limitations running from the date his initial direct appeal became final, Petitioner's federal habeas action is not timely filed because Petitioner did not file his federal habeas action prior to April 27, 1997. Additionally, analyzing the one-year statute of limitations as running from the date Petitioner's permissive appeal of his convictions and sentences became final, the statute of limitations regarding the federal habeas petition also expired and was not sufficiently statutorily tolled prior to February 21, 2006, when the federal habeas petition was filed because Petitioner did not have a "properly filed" state action for state post-conviction relief pending at any time from June 16, 2003, until June 15, 2004. Petitioner's federal habeas action, filed February 6, 2006, was filed more than a year after the relevant statute of limitations expired, absent any statutory tolling.

Because Petitioner did not file his federal habeas action within the period specified by the AEDPA, absent any statutory tolling, the merits of his petition for habeas relief may only considered if the AEDPA's time limitation may be "equitably" tolled in his case. <u>See</u> <u>Allen v. Lewis</u>, 255 F.3d

798, 800 (9th Cir. 2001).  The Ninth Circuit Court of Appeals has determined equitable tolling of the filing deadline for a federal habeas petition is available only if extraordinary circumstances beyond the petitioner's control make it impossible to file a petition on time.  <u>See</u> <u>Lott</u>, 304 F.3d at 922 (concluding the petitioner was entitled to tolling for time period the petitioner was denied access to his legal files while being transferred); <u>Malcom v. Payne</u>, 281 F.3d 951, 962 (9th Cir. 2002).  To be entitled to equitable tolling, a habeas petitioner "must show that the 'extraordinary circumstances' were the but-for and proximate causes of his untimeliness." <u>Spitsyn v. Moore</u>, 345 F.3d 796, 799 (9th Cir. 2003).[6]  It is Petitioner's burden to establish that equitable tolling is warranted in his case.  <u>Gaston v. Palmer</u>, 417 F.3d 1030, 1034 (9th Cir. 2005). "'[T]he threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.'" <u>Miranda v. Castro</u>, 292 F.3d 1063, 1066 (9th Cir. 2002), <u>quoting</u> <u>United States v. Marcello</u>, 212 F.3d 1005, 1010 (7th Cir. 2000).

Petitioner has not met his burden of establishing there were extraordinary circumstances beyond his control which made it impossible for him to file a timely federal habeas petition, or that any state action was the "but for" cause for his failure

---

[6] The Ninth Circuit Court of Appeals has not squarely addressed whether the United States Supreme Court's opinion in <u>Pace</u> "lowered" the standard for equitable tolling set in <u>Spitsyn</u>.  <u>See</u> <u>Espinoza-Matthews v. California</u>, 432 F.3d 1021, 1026 n.5 (9th Cir. 2005).  <u>See also</u> <u>Astorga v. Terhune</u>, 130 Fed. App. 181, 183 (9th Cir. 2005); <u>Boudette v. Schriro</u>, 2006 WL 664364, at *3 (D. Ariz.).

-11-

to timely file his federal habeas action.  See Pace, 544 U.S. at 418-19, 125 S. Ct. at 1815 (concluding that the petitioner was not entitled to equitable tolling because he was misled or confused about timing of exhausting his state remedies and filing his federal habeas petition); Shannon v. Newland, 410 F.3d 1083, 1090 (9th Cir. 2005) ("Each of the cases in which equitable tolling has been applied have involved wrongful conduct, either by state officials or, occasionally, by the petitioner's counsel."); Miranda, 292 F.3d at 1068 (concluding that counsel's errors in miscalculating the statute of limitations and mis-advising the petitioner did not warrant equitable tolling).  Compare Sanchez v. Cambra, 137 Fed. App. 989, 990 (9th Cir. 2005), cert. denied, 126 S. Ct. 1333 (2006); Faught v. Butler, 135 Fed. App. 92, 93 (9th Cir. 2005). Petitioner does not claim he was misled about the statute of limitations or that Respondents acted to inhibit the filing of his federal habeas petition.

**III Conclusion**

Petitioner did not file his federal habeas action within the one-year period specified by the AEDPA and Petitioner has not established that he is entitled to equitable tolling of the statute of limitations regarding his federal habeas action. See Smith v. McGinnis, 208 F.3d 13, 17-18 (2d Cir. 2000) (concluding that the petitioner's delays in seeking collateral review of his conviction did not show reasonable diligence, and that the AEDPA's tolling provision already accommodated the exhaustion requirements that prisoners faced, and that

petitioner's pro se status during most of limitations period did not merit equitable tolling); <u>Miller v. Marr</u>, 141 F.3d 976, 978 (10th Cir. 1998).

**IT IS THEREFORE RECOMMENDED** that Mr. Lindley's Petition for Writ of Habeas Corpus be **denied and dismissed with prejudice**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  Thereafter, the parties have ten (10) days within which to file a response to the objections.  Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues.  <u>See United States v. Reyna-Tapia</u>, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).  Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right

-13-

to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

DATED this 20th day of July, 2006.

_____
Mark E. Aspey
United States Magistrate Judge

-14-