**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert F. Lindley, Jr., ) | No. 06-0528-PHX-DGC |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Dora B. Schriro, et. al., ) | |
| Defendants. ) | |

Pending before the Court are Petitioner Robert F. Lindley, Jr.'s petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, United States Magistrate Judge Mark E. Aspey's Report and Recommendation ("R&R"), and Petitioner's objections to the R&R. Dkts. ##1, 15, 18. The procedural background is discussed in depth in Judge Aspey's R&R and will not be repeated here. Dkt. #15 at 2-6.

**I.  Discussion.**

Federal Rule of Civil Procedure 72(b) provides that "a party may serve and file specific written objections to the proposed findings and recommendations" of the magistrate judge. Fed. R. Civ. P. 72(b). The rule further provides that the district judge "shall make a de novo determination . . . of any portion of the magistrate judge's disposition to which specific written objection has been made[.]" *Id.*

**1.     Objections to Judge Aspey's Procedural Conclusions.**

Petitioner first objects to Judge Aspey's conclusion that Petitioner's time to file a federal habeas corpus petition began on April 24, 1996. Dkt. #18 at 2. He argues that the statute of limitation did not begin to run until June 15, 2003, the latest date that Petitioner could have appealed the Arizona Supreme Court's refusal to review his latest permissive direct appeal. *Id.* This appeal stemmed from his third petition for post-conviction relief, in which substantive relief was denied, but a direct appeal of the convictions and sentences was permitted. *Id.* The court agrees with Judge Aspey's initial conclusion that Petitioner's time to file a petition for habeas corpus began to run on April 24, 1996, and expired on April 24, 1997. Dkt #15 at 6-8.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") requires state prisoners to file a petition for habeas corpus within one year of the date that the petitioner's conviction became final on direct appeal in state court. 28 U.S.C. § 2244(d)(1). State prisoners whose convictions became final prior to the enactment of the AEDPA have a one-year "grace period" in which to file a habeas petition, ending on April 24, 1997. *Patterson v. Stewart*, 251 F.3d 1243, 1245-46 (9th Cir. 2001). This one year statute of limitations is tolled, however, if the petitioner has a "properly filed" state application for post-conviction review with respect to the relevant claim. *Id.* at 1247.

Petitioner's convictions became final in March of 1993. Dkt. #15 at 6. Thereafter, Petitioner had no appeals pending in state court. *Id.* at 7-8. In fact, Petitioner had nothing pending in the state courts from December 2, 1992, when the Arizona Court of Appeals affirmed the judgements of guilt, to June 12, 1997, when he filed his second petition for post-conviction relief.[1] Dkt. #11 at 3, 6. On August 25, 2000, as a result of a third petition for post-conviction relief, Petitioner was permitted to file a direct appeal of his convictions and sentences. Dkt. #15 at 5. Petitioner filed the permissive direct appeal, and the convictions

---

[1] Petitioner filed a first petition for post-conviction relief on December 5, 1991. Dkt. #11 at 3. The trial court dismissed this petition on April 6, 1992, and the Arizona Court of Appeals affirmed the dismissal on December 2, 1992. *Id.*

1  and sentences were affirmed on August 6, 2002. *Id.* The Arizona Supreme Court denied
2  review of this issue on March 18, 2003, and the judgement became final once again on June
3  15, 2003. *Id.* Petitioner argues that this was the actual date of the final judgment, and
4  therefore disagrees with the Magistrate's conclusion that his habeas statute of limitations is
5  governed by the April 24, 1997 expiration date.

6  Thus, the question here is the meaning of "final judgement" for purposes of
7  § 2244(d)(1)(A). Petitioner would have the Court hold that the permissive direct appeal on
8  August 25, 2000 negated the finality of the March 1993 ruling, thus opening the possibility
9  for a timely habeas petition.[2]

10  The Court is not persuaded by this argument, and holds that the policy behind the
11  AEDPA requires that Petitioner's "final judgement" for purposes of § 2244(d)(1)(A)
12  occurred in March 1993. Petitioner had ample time between his 1993 final judgement and
13  enactment of the AEDPA to file a petition for habeas relief. Thereafter, he had yet another
14  year to take such action, or to seek state post-conviction relief, thereby tolling the AEDPA's
15  statute of limitations. Petitioner did neither. Instead, he waited until June 12, 1997, more
16  than four years after the final judgment and more than one year after passage of the AEDPA,
17  before seeking state post-conviction review. The one-year time limitation imposed by the
18  AEDPA for federal habeas petitions is intended to fortify a state's interests in the finality of
19  its judgements. *See Duncan v. Walker*, 533 U.S. 167, 179 (2001) ("The 1-year limitation
20  period of § 2244(d)(1) quite plainly serves the well-recognized interest in the finality of state
21  court judgments."). That purpose would be frustrated if a prisoner were allowed to sleep on
22  his rights for an indefinite period of time, eventually pursue a delayed appeal in state court,
23  and then use that appeal as a springboard into the federal system. *See, e.g.*, *Ferguson v.*

---

[2] Under this approach, Petitioner had one year from June 15, 2003 to file his petition for habeas corpus. Petitioner filed the present petition on February 21, 2006. Dkt. #1. Thus, his petition would still be untimely unless the statute of limitations was tolled by any "properly filed" state petition for review. Given the Court's disposition of the timing issue, further analysis of this question is unnecessary.

- 3 -

*Palmateer*, 321 F.3d 820 (9th Cir. 2003) (dismissing petitioner's federal habeas petition as untimely filed, even though prisoner still had time to seek state post-conviction relief); *Tinker v. Moore*, 255 F.3d 1331, 1333 (finding petitioner's tolling argument "flaw[ed]" because petitioner had filed the state petition for post-conviction relief four months after the expiration of the AEDPA statute of limitations).

### 2. Objection to Judge Aspey's Omission of "Actual Innocence" Claim.

Petitioner also notes that Judge Aspey did not consider Petitioner's argument that any procedural errors should be forgiven because his claim of actual innocence supercedes these errors. Dkt. #18 at 4-5. Petitioner is correct that actual innocence claims can overcome procedural bars, but such an outcome is rare. A petitioner's otherwise barred claims may be considered on the merits if the petitioner's claim of actual innocence is sufficient to bring him within the "narrow class of cases . . . implicating a fundamental miscarriage of justice." *Schlup v. Delo*, 513 U.S. 298, 315 (1995). A petitioner need not demonstrate his actual innocence; rather, he must demonstrate that in light of all the evidence, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* at 327.

Petitioner has submitted a number of materials in support of his actual innocence claim. Because these materials were not addressed by Judge Aspey in the R&R, the Court will remand the petition to Judge Aspey for consideration of the actual innocence argument.

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

1  **IT IS ORDERED:**

2  The Court **accepts** the portion of the R&R that finds the petition untimely, but **remands** the petition to Judge Aspey for consideration of Petitioner's actual innocence claim.

DATED this 9th day of November, 2006.

_____
David G. Campbell
United States District Judge