1
2
3
4
5
6               IN THE UNITED STATES DISTRICT COURT

7                 FOR THE DISTRICT OF ARIZONA

8
ROBERT F. LINDLEY, JR.,          )
9                                )
         Petitioner,             )
10                               )
         v.                      )    CIV 06-0528 PHX DGC (MEA)
11                               )
DORA SCHRIRO and                 )         SECOND
12  ARIZONA ATTORNEY GENERAL,    )    REPORT AND RECOMMENDATION
                                 )
13        Respondents.           )
_____)
14
TO THE HONORABLE DAVID G. CAMPBELL:
15
16        On February 21, 2006, Petitioner filed a *pro se*
petition seeking a writ of habeas corpus pursuant to 42 U.S.C.
17
§ 2254, challenging his criminal conviction by an Arizona state
18
court.  Respondents filed an Answer to [the] Petition for Writ
19
of Habeas Corpus ("Answer") (Docket No. 11) on June 7, 2006.
20
Respondents argued the action for habeas relief was not timely
21
filed and, therefore, that the petition must be denied and
22
dismissed with prejudice.  Respondents also asserted the Court
23
should not consider the merits of Petitioner's claims for habeas
24
relief because he failed to properly exhaust his claims in the
25
Arizona state courts.
26
          On July 13, 2006, Petitioner filed a traverse to the
27
answer to his petition for relief.  See Docket No. 13.
28

Petitioner asserted Respondents misstated the record in his state criminal proceedings. Petitioner asserted his petition was timely filed, and that he did exhaust his habeas claims in state court. Petitioner re-asserted a claim of actual innocence.

On July 21, 2006, a Report and Recommendation was filed, recommending the petition be denied and dismissed with prejudice. The undersigned recommended the petition be dismissed because Petitioner did not file his federal habeas action within the one-year period specified by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). Additionally, the undersigned concluded Petitioner had not established he was entitled to equitable tolling of the statute of limitations regarding his federal habeas action. Petitioner filed objections to the Report and Recommendation on August 9, 2006. See Docket No. 18 ("Objections").

On November 9, 2006, the Court adopted the Report and Recommendation in part and rejected it in part. Docket No. 19. The Court agreed Petitioner's federal habeas action was not filed within the time specified by the AEDPA, absent statutory tolling. However, citing Schlup v. Delo, 513 U.S. 298, 315, 115 S. Ct. 851 (1995), the Court determined Petitioner's otherwise time-barred claims could be considered on the merits if Petitioner can establish he is actually innocent of the crimes charged. The Court remanded the matter to the undersigned for consideration of the materials offered by Plaintiff in support of his claim of actual innocence.

**I Procedural History**

In 1987 Petitioner was indicted on seven counts of child molestation and eight counts of sexual conduct with a minor; all charges were class 2 felonies and all charges were classified as dangerous crimes against a child. Answer, Exh. B. On October 11, 1989, the state filed an allegation of a <u>Hannah</u>[1] prior or repetitive convictions with regard to the charges in the 1987 indictment. <u>Id.</u>, Exh. C.

A jury trial was conducted in May of 1990 with regard to the 1987 charges against Petitioner. <u>Id.</u>, Exh. D. Prior to the trial, pursuant to a motion by the state, the trial court dismissed four of the charges against Petitioner. <u>Id.</u>, Exh. D at 66. The alleged victim, Petitioner's step-daughter, testified for the state at trial. <u>Id.</u>, Exh. D.

Petitioner's counsel moved for a judgment of acquittal on the remaining charges at the close of the prosecution's case. <u>Id.</u>, Exh. D. The trial court granted the motion with regard to

---

[1] The relevant statute was amended effective January 1, 1994.

> [F]ormer [Arizona Revised Statutes Annotated] § 13-604(H), [] expressly permitted convictions for crimes not committed on the same occasion but consolidated for trial to be used as prior convictions--colloquially known as "Hannah priors"--for sentence enhancement purposes.

<u>Arizona v. Ofstedahl</u>, 208 Ariz. 406, 407 (Ct. App. 2004). <u>See</u> <u>Arizona v. Hannah</u>, 126 Ariz. 575, 576-77 (1980) (holding that, under the prior version of the relevant statute, the sequence of convictions, rather than offenses, determined a defendant's eligibility for sentence enhancement); <u>Arizona ex rel. Collins v. Superior Court</u>, 142 Ariz. 280, 282 (1984) (relying on <u>Hannah</u> for the proposition that "it [was] not necessary that the 'prior conviction' be also a prior offense").

one of the charges and denied the motion with regard to the other ten remaining charges. _Id._, Exh. D at 71. Petitioner testified at his trial, denying he had committed any of the acts charged. _Id._, Exh. F at 2. After deliberating for approximately one week, the jury found Petitioner guilty of the remaining ten counts charged in the indictment. _Id._, Exh. D. at 77 & 102.

The trial court concluded there were no aggravating or mitigating circumstances in Petitioner's case for the purpose of imposing sentence. _Id._, Ehx. E & Exh. S at 12. On August 10, 1990, after hearing the testimony of Petitioner's mother, the trial court sentenced Petitioner to consecutive terms of imprisonment on each count of conviction, ranging from 17 years to life imprisonment, including five terms of life imprisonment. _Id._, Ehx. E & Exh. S at 12.

Petitioner filed a timely appeal of his convictions and sentences on August 21, 1990. _Id._, Exh. F. On December 5, 1991, prior to a decision regarding his direct appeal, Petitioner filed an action seeking post-conviction relief in the Arizona trial court. _Id._, Exh. H. Petitioner asserted his trial counsel was ineffective because counsel did not raise an insanity defense. _Id._, Exh. H. The Superior Court concluded Petitioner had not been deprived of the effective assistance of counsel, denied relief, and dismissed the petition for post-conviction relief on April 6, 1992. _Id._, Exh. I. Petitioner sought review of this decision by the Arizona Court of Appeals, which consolidated review of the Rule 32 action with

-4-

Petitioner's direct appeal.  <u>Id.</u>, Exh. J.

On December 2, 1992, the Arizona Court of Appeals affirmed Petitioner's convictions.  <u>Id.</u>, Exh. K.  However, the Arizona Court of Appeals determined Petitioner was improperly sentenced with regard to two of the consecutive life sentences; the Court of Appeals ordered the sentences for these two convictions be served concurrently.  <u>Id.</u>, Exh. K.  The Arizona Court of Appeals affirmed all of the other imposed sentences, and also affirmed dismissal of the action for post-conviction relief, concluding the trial court had properly determined Petitioner had not been deprived of his right to the ineffective assistance of counsel.  <u>Id.</u>, Exh. K at 158.

Petitioner did not seek review of the Arizona Court of Appeals' decision in his direct appeal or his consolidated action for post-conviction relief by the Arizona Supreme Court. In 1995, Petitioner sought executive clemency.  <u>Id.</u>, Exh. A (transcript of criminal docket).  In September of 1996, Petitioner filed a motion seeking to be re-sentenced pursuant to changes in Arizona's sentencing laws enacted in 1994.  <u>Id.</u>, Exh. A.

Approximately five years after Petitioner's conviction became final, on June 12, 1997, Petitioner filed a second action for post-conviction relief in the Arizona trial court.  <u>Id.</u>, Exh. L.  The trial court found the issues raised were precluded by the Arizona Rules of Criminal Procedure and dismissed the petition on June 27, 1997.  <u>Id.</u>, Exh. M.

-5-

Petitioner filed a third notice of post-conviction relief on July 31, 1997, which action was initially dismissed by the trial court. Id., Exh. O.[2] On October 28, 1997, the third action for post-conviction relief was re-instated by the trial court for consideration only of Petitioner's claims regarding the effective assistance of his appellate and post-conviction counsel. Id., Exh. P & Exh. Q.

Petitioner was appointed counsel to represent him in this post-conviction action on March 8, 1999. Id., Exh. S at 3. Counsel averred to the court she had prepared a petition stating one claim for relief, which Petitioner refused to sign. Id., Exh. S at 3. Petitioner was allowed to file his own petition asserting what he believed to be arguable claims for relief, which he filed August 3, 1999. Id., Exh. S at 3; Exh. T. Petitioner presented "newly discovered evidence" regarding the credibility of the victim and Petitioner's ex-wife. Id., Exh. S at 3. Petitioner also asserted that medical opinion testimony, i.e., his interpretation of medical evidence, refuted

---

[2] On or about August 1, 1997, Petitioner filed a pleading entitled: "Defendant's 'Notice' to This Court of His 'Future' Inability to File 'Any' Timely Motions, Responses or Replies to 'Any' of Plaintiff's pleading[s] - And - 'Motion for Enlargement of Time' - And - 'Motion for Appointment of Counsel.'" See Response, Exh. F. Attached to this pleading is the letter provided to this Court purportedly from Petitioner's ex-wife, which is signed "Chris." Petitioner filed an identical pleading on September 1, 1997. Id., Exh. G. The record before the Court of this pleading does not contain the affidavits of Ms. Salaiz or Ms. Enriquez, however, these affidavits are referenced in the state's response to the petition. Id., Exh. S. Additionally, the Arizona Superior Court, in denying relief, noted the letter from "Chris" could be referencing criminal charges "in CR 158807. In that case the defendant was charged with molesting his nieces []. Those charges were dismissed." Id., Exh. T.

the victim's claims.  <u>Id.</u>, Exh. S at 4.  The state's response to Petitioner's Rule 32 action includes a reference to affidavits presented by Petitioner from Ms. Hope Salaiz-Risenhoover, his aunt, and his mother, Ms. Amollia Enriquez.  <u>Id.</u>, Exh. S at 4.

In a thorough and extensive opinion issued May 2, 2000, the Arizona Superior Court considered each of Petitioner's claims and concluded Petitioner had presented only one viable claim.  <u>Id.</u>, Exh. T.  The trial court ordered an evidentiary hearing regarding Petitioner's claim that his appellate counsel was ineffective.  <u>Id.</u>, Exh. T at 28.

The evidentiary hearing was conducted July 24, 2000. <u>Id.</u>, Exh. U.  In an opinion issued August 25, 2000, the Arizona Superior Court concluded Petitioner's appellate counsel was ineffective and ordered Petitioner be allowed to file a direct appeal of his convictions and sentences arguing the trial court erred by not striking particular jurors for cause.  <u>Id.</u>, Exh. V.

Petitioner, through counsel, filed the permissive appeal on September 5, 2000.  <u>Id.</u>, Exh. W.  On August 6, 2002, the Arizona Court of Appeals issued a memorandum decision affirming Petitioner's convictions and sentences.  The Court of Appeals concluded the trial court had not abused its discretion in declining to remove three jurors for cause.  <u>Id.</u>, Exh. FF. The Arizona Supreme Court denied review of this decision on March 18, 2003.  <u>Id.</u>, Exh. GG.

Petitioner filed a fourth action for post-conviction relief on April 9, 2003, signed March 31, 2003, which was dismissed because the claims were precluded, and a motion for

-7-

reconsideration of this decision was denied by the trial court on September 22, 2003.  Id., Exhs. HH & KK.

Petitioner filed a fifth action for post-conviction relief on October 14, 2003, which was dismissed, and review of the dismissal was denied by the Arizona Court of Appeals on April 19, 2005.  Id. at 5.

Petitioner filed his federal habeas petition on February 21, 2006.  Petitioner asserts he is entitled to federal habeas relief because: (1) he was denied his constitutional right to be tried by a fair and impartial jury; (2) he was denied his right to the effective assistance of trial counsel because trial counsel failed to raise particular issues at Petitioner's trial; (3) he was denied his right to the effective assistance of appellate counsel because appellate counsel failed to raise particular issues in Petitioner's direct appeal; (4) there was insufficient evidence to support the verdicts against him, in violation of his right to due process of law, i.e., his trial was fundamentally unfair.

The Court agreed with the undersigned that Petitioner's federal habeas action was not filed within the one-year deadline specified by the AEDPA.  The Court remanded the matter to the undersigned for consideration of Petitioner's claim of actual innocence which, if established, might warrant equitable tolling of the statute of limitations and allow consideration of the merits of his habeas claims.

-8-

**II Analysis**

Review of the merits of procedurally defaulted habeas claims is appropriate if the petitioner demonstrates review of the merits of his claims is necessary to prevent a fundamental miscarriage of justice. See Schlup v. Delo, 513 U.S. 298, 327, 115 S. Ct. 851, 867 (1995); Murray v. Carrier, 477 U.S. 478, 485-86, 106 S. Ct. 2639, 2649 (1986). A fundamental miscarriage of justice occurs when a constitutional violation has probably resulted in the conviction of one who is actually innocent. See Schlup, 513 U.S. at 326-27, 115 S. Ct. at 867 (concluding the "probably resulted" standard rather than the more stringent "clear and convincing" standard must be applied); Murray, 477 U.S. at 485-86, 106 S. Ct. at 2649; Thomas v. Goldsmith, 979 F.2d 746, 749 (9th Cir. 1992) (showing of factual innocence is necessary to trigger manifest injustice relief).

To satisfy the "fundamental miscarriage of justice" standard, Petitioner must establish it is more likely than not that no reasonable juror could have found him guilty of the offenses. Schlup, 513 U.S. at 327, 115 S. Ct. at 867;[3] Wildman v. Johnson, 261 F.3d 832, 842-43 (9th Cir. 2001). To be

---

[3] The Supreme Court stated in Schlup:

> [I]f a petitioner [] presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims.

513 U.S. at 316, 115 S. Ct at 861.

-9-

entitled to consideration of his untimely habeas claims of constitutional error, i.e., ineffective assistance of counsel, violation of due process based on insufficient evidence and violation of his right to an impartial jury, Petitioner must present a colorable showing of factual innocence. See Herrera v. Collins, 506 U.S. 390, 404, 113 S. Ct. 853, 862 (1993) (applying a very high standard of review to a claim of actual innocence on habeas review because the reviewing court assumed the trial was free of constitutional error). If Petitioner does not present supplementary post-trial evidence establishing he is factually innocent, he may not avoid the procedural bar to consideration of the merits of his habeas claims; a claim of factual innocence is not a claim of constitutional error. See Schlup, 513 U.S. at 315, 115 S. Ct. at 861; Coley v. Gonzales, 55 F.3d 1385, 1387 (9th Cir. 1995).[4]

The Supreme Court has recognized that any "actual innocence" exception to a procedural bar to consideration of federal habeas claims is concerned with actual, as opposed to

---

[4] Even if Petitioner can establish his trial included a constitutional violation, without "new" evidence of actual innocence, such a violation is not a "miscarriage of justice" because the violation did not result in the conviction of one who is "actually innocent." Conversely, before the Court may excuse Petitioner's procedural error, i.e., violation of the statute of limitations, based on the conclusion Petitioner was subjected to a "miscarriage of justice," Petitioner must make a showing that, not only is he factually innocent, but that his trial included constitutional error. See Schlup v. Delo, 513 U.S. 298, 115 S. Ct. 851 (1995). In Schlup, the Supreme Court did not reach the merits of the petitioner's constitutional claims because it concluded the lower court erred by not applying the standard stated in Murray v. Carrier to the petitioner's claim that his actual innocence overcame his procedural default of his habeas claims.

-10-

legal, innocence.  *See* Bousley v. United States, 523 U.S. 614, 623, 118 S. Ct. 1604, 1611 (1998); Schlup, 513 U.S. at 324, 115 S. Ct. at 865.   A finding that a petitioner has presented sufficient evidence of his "actual innocence" must be based on "new," reliable evidence not presented at trial.   *See* Schlup, 513 U.S. at 324-25, 866.

> To be credible, a claim of actual innocence must be based on reliable evidence not presented at trial.  Given the rarity of such evidence, *in virtually every case, the allegation of actual innocence has been summarily rejected*.

Calderon v. Thompson, 523 U.S. 538, 559, 118 S. Ct. 1489, 1502-03 (1998) (emphasis added).

A habeas petitioner's "late-offered" testimony in support of his actual innocence in a habeas action is not "new" evidence if the substance of the petitioner's testimony was available at his criminal trial.  *See* Hubbard v. Pinchak, 378 F.3d 333, 340-41 (3d Cir. 2004), cert. denied, 543 U.S. 1070 (2005).   Nor is evidence which is a mere "repackaging of the record as presented at trial" considered "new" evidence which may properly support a claim of actual innocence.  Id.  However, if Petitioner has presented evidence comporting with the requirements of Schlup, the Court must consider the new evidence and the evidence presented at the Petitioner's trial and determine whether it is more likely than not that no reasonable juror would have found Petitioner guilty beyond a reasonable doubt.  See, e.g., Doe v. Menefee, 391 F.3d 147, 166 (2d Cir. 2004), cert. denied, 126 S. Ct. 489 (2005).

If Petitioner can establish he is "actually innocent" of the charges against him, he may arguably "pass through the gateway" otherwise barred by the statute of limitations and present his claims of constitutional error, i.e., ineffective assistance of counsel, violation of his right to an impartial jury, and violation of his right to due process, to the Court.[5] See Souter v. Jones, 395 F.3d 577, 602 (6th Cir. 2005).  Compare Flanders v. Graves, 299 F.3d 974, 978 (8th Cir. 2002) (requiring a petitioner to show due diligence in pursuing his claims, in addition to actual innocence, to warrant equitable tolling of the AEDPA's statute of limitations); Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000) (reaching the same conclusion as the Eighth Circuit).  See also Lisker v. Knowles, _____ F. Supp. 2d _____ , 2006 WL 3462589, at *34 n.12 (C.D. Cal.).[6]

---

[5] Schlup arose in the context of a petitioner who sought to excuse a different kind of "procedural" default than the statute of limitations, i.e., the petitioner's failure to state his claims in his first federal action for habeas relief.

[6] The Circuit Courts of Appeal are not in agreement that a showing of actual innocence warrants equitable tolling of the AEDPA's statute of limitations.  Compare Escamilla v. Jungwirth, 426 F.3d 868, 871-72 (7th Cir. 2005); David v. Hall, 318 F.3d 343, 347 (1st Cir. 2003) (rejecting the argument a habeas petitioner is entitled to equitable tolling if they can establish their "actual innocence"), with Souter v. Jones, 395 F.3d 577, 599 (6th Cir. 2005) (holding to the contrary), and Flanders v. Graves, 299 F.3d 974, 9789 (8th Cir. 2002).  The United States Supreme Court denied certiorari from the First Circuit's opinion in David and the Eighth Circuit's opinion in Flanders.  See 124 S. Ct. 66 (2003) and 537 U.S. 536 (2003).  The United States Supreme Court also recently denied certiorari from another case arising from the Sixth Circuit raising this issue, and from a case arising from the Seventh Circuit raising this issue.  See Araujo v. Chandler, 127 S. Ct. 39 (2006) and Bolton v. Berghuis, 126 S. Ct. 668 (2006).  The Ninth Circuit Court of Appeals has not squarely addressed this issue.  See Majoy v. Roe, 296 F.3d 770 (9th Cir. 2002).

### Evidence of factual innocence

Petitioner asserts his factual innocence may be "proven in a hearing; Would [] prove that it was a medical scientific impossibility for him to have committed those crimes." Petitioner maintains there was insufficient evidence to support the verdicts against him, in violation of his right to due process of law, i.e., his trial was fundamentally unfair. Petitioner asserts his then-wife and step-daughter fabricated charges against him "to get a divorce." Petition at 6. Petitioner produces a letter purportedly from his ex-wife "inferring" she lied "and that the state was aware of her false testimony." Id.[7] In support of his "actual innocence" claim, attached to his habeas petition at Exhibits 1 through 4, Petitioner produces a sworn statement alleging his ex-wife committed welfare fraud and used drugs. Id., Exh. 1. Petitioner alleges a witness at his trial "was nearly always drunk, had numerous boyfriends seeing her whom changed up quite often, and when [she] was drinking, she used to often times bring up the subject of how she was molested as a child." Id., Exh. 1.

Petitioner presents a signed and notarized statement dated June 30, 1994, of Ms. Hope Salaiz, his aunt; Ms. Salaiz was a witness at Petitioner's trial. Id., Exh. 2. The statement is incoherent and internally contradictory, and

---

[7] The undated letter from petitioner's ex-wife is not specific as to what she lied about or on which occasions she was lying.

alleges that, at some date, Petitioner's ex-wife and stepdaughter told Ms. Salaiz they had fabricated the charges against Petitioner. Id., Exh. 2. Petitioner further presents a signed and notarized affidavit from his mother, Ms. Enriquez, dated June 30, 1994. Id., Exh. 3. This affidavit attests to the allegation that Petitioner's ex-wife was a bad mother to her children. Id., Exh. 3. This affidavit further states: "Christine told me that [her daughter] had been molested by either her father or step-father. I can't remember which one of the men Christine was talking about." Id., Exh. 3. This affidavit states Petitioner's ex-wife stated to Ms. Enriquez that Petitioner [was in jail because of the step-daughter] because she needed Robert out of the way so she could get a divorce... I was livid with rage; it took all my willpower to not punch her lights out." Id., Exh. 3. Petitioner further produces an undated letter signed "Chris," the name of his ex-wife, stating, as represented supra, that she had, at some point "lied", presumably about her knowledge of Petitioner's abuse of her daughter. Id., Exh. 4.[8]

Petitioner has not presented evidence that no reasonable juror could have found him guilty beyond a reasonable doubt of the offenses if they were presented with the four exhibits attached to his habeas petition. The "evidence" presented by Petitioner is not "new" evidence. The "evidence"

---

[8] As stated supra, Petitioner presented these affidavits to the state court in his third-action for post-conviction relief. Respnse, Exh. T.

-14-

relates primarily to the credibility of witnesses at Petitioner's trial, i.e., his stepdaughter and his wife, rather than Petitioner's "factual" innocence.  Petitioner's wife and his step-daughter were cross-examined at Petitioner's trial and Petitioner offered his own testimony rebutting these witness' testimony.  Additionally, Petitioner's wife's use of drugs and her credibility were issues known to defense counsel.  <u>See</u> Answer, Exh. D.  The trial court granted a motion in limine to preclude counsel from mentioning the wife's drug use at trial, and the trial court allowed defense counsel to impeach the wife by presenting the fact of a prior felony conviction to the jury.

None of the information provided by Petitioner in the four exhibits attached to his habeas petition, individually or collectively, supports an "actual innocence" claim.  Although Petitioner asserts otherwise, the letter purportedly from Petitioner's wife, which is not dated nor authenticated, says nothing whatsoever regarding Petitioner's actual innocence and does not "admit" she lied at Petitioner's trial.  Petitioner contends he has a letter from his stepdaughter recanting her statements, however, the Court is unable to locate this actual letter in any of Petitioner's pleadings, i.e., the letter is not attached to the habeas petition with the other documents offered in support of Petitioner's "actual innocence" claim.  Neither is this letter included in Petitioner's "statement of facts" in support of his habeas petition at Docket No. 3, or in his traverse to the Respondents' answer to the petition, or in his objections to the undersigned's first Report and Recommendation.

Additionally, although Petitioner asserts in his traverse that later medical "evidence" establishes he is innocent of the crimes charged, he does not offer any admissible evidence, other than his own statement, of this assertion and explanation of expert evidence.[9]  Additionally, the "evidence" cited by Petitioner regards the physical condition of the victim's genitalia in October of 1989 and the onset of her menstruation.  This evidence would have been available to Petitioner at the time of his trial in 1990 and is not "new" evidence.

Petitioner has not presented supplementary post-trial reliable evidence establishing his is factually innocent.  See Scott v. Lavan, 190 Fed. App. 196, 198 (3d Cir. 2006); Sibley v. Culliver, 377 F.3d 1196, 1206 (11th Cir. 2004).  Petitioner has

---

[9]

That between late Sept. and early Oct., 1989, after my arrest, CHRISTINE LINDLEY (MESIMER), notified me on the telephone, that my step-daughter NOVA BANTA, had her first menstrual cycle; that I asked Dr. Penille to expand upon the "tanner" stages medical axiom, and that the good doctor did, by explaining that the Tanner stage three, is a developmental stage that precedes the females first menstrual cycle by -no more than- six months, which under the facts of this case would mean that in January, 1989 and before, NOVA would have been in tanner stage two whereas the elasticity features of tanner stage three are absent.  Dr. Penille further explained that defacing and/or distoration (sic) of the labia-majora, must be present if a 10 year old girl is penetrated by an average sized adult penis or other similar sized object, barring exceptionally unusual circumstances.

Petition, Exh. 1.

not presented new evidence which, when considered with the evidence offered at trial, establishes that no reasonable juror could have found him guilty.  Petitioner has not supported his allegations of constitutional error with new reliable evidence, i.e., exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence, that was not presented at trial, which would establish his actual innocence.  See Schlup, 513 U.S. at 324, 115 S. Ct. at 865.  Petitioner has not presented evidence which, when considered with the evidence presented to the jury, establishes that no reasonable juror could have found him guilty of the offenses charged if they were presented with the alleged impeachment and hearsay evidence presented here by Petitioner.  See Arthur v. Allen, 452 F.3d 1234, 1246 (11th Cir. 2006); Hyde v. Paskett, 383 F. Supp. 2d 1256, 1262 (D. Idaho 2005).  See also Rose v. Newton-Embry, 194 Fed. App. 500, 502 (10th Cir. 2006) (concluding evidence impeaching trial witnesses did not establish actual innocence warranting equitable tolling of the statute of limitations).

### Constitutional violation

Notwithstanding Petitioner's failure to establish his actual innocence, the Court will consider his claims of constitutional error.

Petitioner contends Juror Block indicated in voir dire that she would be prejudiced against him.  Although Juror Block initially stated she would be prejudiced, based on the nature of the allegations, i.e., child molestation, she later stated in response to a question by the trial court that she could render

-17-

a verdict based on the evidence presented at trial. Response, Exh. S at 9. In order to succeed on a claim that a biased juror prejudiced a habeas petitioner, the petitioner must show that the juror was actually biased against him. See Goeders v. Hundley, 59 F.3d 73, 75 (8th Cir. 1995). Petitioner provides no evidence, other than his statement that Juror Block must have been biased against him based on her initial statement, that this juror was actually biased against him personally. The Court notes the jury deliberated for a period of one week prior to rendering its verdict. Petitioner has not established that he was deprived of his right to a fair and impartial jury.

Petitioner contends appellate counsel was constitutionally ineffective for failing to present the "tainted" jury issue on appeal. Petitioner contends his trial counsel was ineffective for failing to bring a motion allowing him to cross-examine Petitioner's wife regarding her prior criminal record. Petitioner also asserts his trial counsel was ineffective for failing to properly investigate the medical evidence presented at trial.

To state a claim for ineffective assistance of counsel, a petitioner must show that his attorney's performance was deficient and that the deficiency prejudiced the petitioner's defense. See Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). The petitioner must overcome the strong presumption that counsel's conduct was within the range of reasonable professional assistance required of attorneys in that circumstance. See id., 466 U.S. at 687, 104 S. Ct. at

-18-

2064; <u>Allen v. Woodford</u>, 395 F.3d 979, 1005 (9th Cir. 2004), <u>cert.</u> <u>denied</u>, 126 S. Ct. 134 (2005).

To succeed on an ineffective assistance of counsel claim premised on his counsel's failure to raise an argument, the petitioner must establish that the argument was likely to be successful, in order to prove that he was prejudiced by his counsel's failure to raise the argument. See <u>Juan H. v. Allen</u>, 408 F.3d 1262, 1273 (9th Cir. 2005) ("trial counsel cannot have been ineffective for failing to raise a meritless objection"); <u>Van Tran v. Lindsey</u>, 212 F.3d 1143, 1156 (9th Cir. 2000). A defendant has no constitutional right to compel counsel to raise particular claims if counsel, as a matter of professional judgment, decides not to present those issues. See <u>Jones v. Barnes</u>, 463 U.S. 745, 751, 103 S. Ct. 3308, 3312 (1983) (declining to promulgate "a per se rule that the client, not the professional advocate, must be allowed to decide what issues are to be pressed").

Petitioner's claim regarding the "tainted" jury was eventually denied by the state court after an evidentiary hearing. Therefore, Petitioner was not prejudiced by any "failure" of his appellate counsel to raise this issue. Additionally, trial counsel's performance was not deficient as Petitioner alleges: counsel was allowed to impeach Petitioner's ex-wife with her prior felony conviction, although counsel was not allowed to state the nature or the class of the offense. Furthermore, trial counsel did, evidently, present expert medical testimony on behalf of Petitioner. See Response, Exh.

-19-

D.   Petitioner has not established that either his trial or his appellate counsel's performance was deficient, or that he was prejudiced by any alleged deficient performance.

Petitioner also contends the letter purportedly written by his ex-wife, inferring she lied about Petitioner's actions at some point, establishes his trial violated his right to due process, i.e., that there was insufficient reliable evidence on which he could be convicted.  "[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged."  In re Winship, 397 U.S. 358, 364, 90 S. Ct. 1068, 1073 (1970).  To determine whether sufficient reliable evidence existed to support a petitioner's conviction, the Court must decide if, "viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979).  See also McMillan v. Gomez, 19 F.3d 465, 468-469 (9th Cir. 1994).  Petitioner bears the burden of proving that the record is so totally devoid of evidentiary support for the challenged conviction as to violate due process. See Crow v. Eyman, 459 F.2d 24, 25 (9th Cir. 1972). Circumstantial evidence is sufficient to support a petitioner's guilty verdict.  Jackson, 442 U.S. at 324-325, 99 S. Ct. at 2792.

The victim and Petitioner both testified at his trial. Other testimony was presented in support of the victim's

-20-

1  testimony.   The trial court concluded there was insufficient

2  evidence to support one of the charges against Petitioner, but

3  sufficient  evidence  to  send  the  other  charges  to  the  jury.

4  Petitioner  has  not  presented  any  argument  or  any  evidence

5  indicating  the  record  is  so  totally  devoid  of  evidentiary

6  support for the challenged conviction as to violate due process.

7                    **Due diligence**

8          Both the Eighth and Tenth Circuit Courts of Appeal have

9  held a habeas petitioner must show due diligence in pursuing his

10  habeas  claims,  in  addition  to  his  actual  innocence,  to  be

11  entitled  to  equitable  tolling  of  the  relevant  statute  of

12  limitations.  See Flanders, 299 F.3d at 978; Gibson, 232 F.3d at

13  808.[10]   In addition to concluding Petitioner has not established

14  a  showing  of  factual  innocence,  the  undersigned  concludes

15  Petitioner did not act with the requisite due diligence to be

16  entitled  to  equitable  tolling  of  the  statute  of  limitations.

17  Petitioner  was  aware  of  all  allegedly  impeaching  evidence

18  presented  to  this  Court  no  later  than  1994,  the  year  the

19  affidavits were signed; certainly Petitioner was aware of these

20  documents in 1999 when he presented them to the Arizona courts

21  in his third action for post-conviction relief.  Petitioner did

22  not seek any form of state or federal relief from his conviction

23  and sentences for a period of five years after his direct appeal

24  and first Rule 32 action were final.  Petitioner did not seek

25

26          [10] As noted supra, the Ninth Circuit Court of Appeals has not
    determined  whether  a  habeas  petitioner  is  entitled  to  equitable
27  tolling  of  the  AEDPA's  statute  of  limitations  based  on  an  assertion
    of "actual innocence."

28                            -21-

federal habeas relief until almost one year after his fifth state action for post-conviction relief was denied.  Petitioner did not promptly seek federal habeas review of issues which were properly exhausted by their examination, albeit unfavorably, by the state courts, i.e., his claim that he was denied his right to an impartial jury and ineffective assistance of counsel. Petitioner offers no reason why his allegedly "new" evidence was not previously presented in a federal habeas petition.

### III Conclusion

The United States Circuit Courts of Appeal are divided regarding whether Petitioner would be entitled to equitable tolling of the statute of limitations regarding his federal habeas petition if he established he is "actually innocent" of the crimes charged.  However, regardless of the position this Court or the Ninth Circuit Court of Appeals might adopt, the undersigned concludes Petitioner has not made the requisite showing, pursuant to the conclusion in <u>Schlup</u>, that he is actually innocent of the charges against him.  Additionally, pursuant to the test stated by the Eighth and Tenth Circuit Courts of Appeal, Petitioner has not acted with due diligence in presenting his claims or evidence in support thereof to this Court.  Accordingly, Petitioner is not entitled to consideration of the merits of his claims of constitutional error. Notwithstanding this conclusion, the Court has, additionally, reviewed the allegations of constitutional error and found them without merit.

**IT IS THEREFORE AGAIN RECOMMENDED** that Mr. Lindley's Petition for Writ of Habeas Corpus be **denied and dismissed with prejudice**.

Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have ten (10) days within which to file a response to the objections. Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

DATED this 16th day of January, 2007.

_____
Mark E. Aspey
United States Magistrate Judge

-23-