**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert F. Lindley, Jr.,<br><br>Petitioner,<br><br>vs.<br><br>Dora B. Schriro, et. al.,<br><br>Respondents. | No. 06-0528-PHX-DGC<br><br>**ORDER** |

Petitioner has filed a motion for reconsideration of the Court's order directing Respondents to file a response to Petitioner's objections to the second Report and Recommendation. Dkt. #28. The Court will deny Petitioner's motion.

Motions for reconsideration must be filed within ten days of a court order. Fed. R. Civ. P. 59(e). The Court issued its order on April 6, 2007, and Petitioner filed his motion for reconsideration on April 26, 2007. Petitioner's motion for reconsideration is untimely, but the Court will address it.

Relief may be granted under Rule 59(e) if the Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citation and internal quotation marks omitted). Petitioner essentially argues that he has newly discovered evidence in the form of medical literature that supports his position and that the Court's order

1 was manifestly unjust because it did not direct Respondents to provide him with a copy of
2 medical records relevant to his conviction. Dkt. #28 at 2. He requests that the Court order
3 Respondents to make available to the Court and to him all medical evidence relevant to his
4 conviction and all exculpatory witness interview evidence. *Id*. at 2. Petitioner then requests
5 the opportunity to introduce the medical literature that he believes will establish his actual
6 innocence in conjunction with the medical records, which Petitioner states he has never been
7 allowed to view. *Id*. at 2.

8       The Court's order directing Respondents to respond to Petitioner's objections and to
9 turn over any exculpatory evidence in its possession pursuant to its duty under *Brady v.*
10 *Maryland*, 373 U.S. 83 (1963), and *Thomas v. Goldsmith*, 979 F.2d 746 (9th Cir. 1992), will
11 adequately address concerns Petitioner raises in his motion. The Court indicated that it
12 would conduct an *in camera* review of any such evidence to protect the interests of the
13 victim, so the Court will not, as Petitioner requests, issue redacted versions of the records to
14 Petitioner. Dkt. #25 at 2. Additionally, the Court finds it unnecessary to order Respondents
15 to produce all medical records instead of only those that are exculpatory. Once the Court has
16 reviewed the evidence provided by Respondents, the Court will determine whether Petitioner
17 may supplement his objections with the recently acquired medical literature.

18       **IT IS ORDERED** that Petitioner's Motion to Reconsider in Part April Order, and
19 Response to Respondent's Extension of Time (Dkt. #28) is **denied**.

20       DATED this 6th day of June, 2007.

*/s/ Daniel G. Campbell*
David G. Campbell
United States District Judge

- 2 -